UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT ROSENBERGER,

                    Plaintiff,

   -against-

THE UNITED STATES OF AMERICA,

                    Defendant.
------------------------------------------------------------X

Case No: _____

Assigned Judge: _____

## COMPLAINT

Plaintiff, Scott Rosenberger, by and through his attorneys, the Law Offices of Sobo & Sobo, LLP, as and for his complaint against defendant the United States of America, alleges as follows:

### BACKGROUND

1. This is an action against the United States of America under the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 2671 *et seq*. brought by plaintiff, Scott Rosenberger and seeking damages arising from Defendant United States of America's (hereinafter "Defendant" or "United States") negligence and other wrongful acts, that resulted in personal injuries sustained by plaintiff, Scott Rosenberger.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.*

4. Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., on or about March 16, 2020, Plaintiff presented his claim to the appropriate federal agency, namely the United States Postal Service, for administrative settlement under the FTCA. Over six months have elapsed and the Defendant has failed to respond to Plaintiff's claims.

5. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and that more than six months has passed since Plaintiff presented his claim to the appropriate agency which has not ruled on Plaintiff's claim.

6. Venue is proper in that the negligent acts alleged herein were committed in whole or in part in said district, and because plaintiff resides therein.

**PARTIES**

7. Plaintiff, SCOTT ROSENBERGER is over 18 years of age and resides in Sullivan County, State of New York and resides at 14 Conroy Road, Callicoon, New York 12723.

8. The defendant, THE UNITED STATES OF AMERICA, is subject to suit for injuries caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

## **FACTUAL ALLEGATIONS**

9. That at all times hereinafter mentioned, upon information and belief, the plaintiff, SCOTT ROSENBERGER, was and still is a resident of the County of Sullivan, State of New York, and resides at 14 Conroy Road, Calicoon, New York 12723.

10. That at all times hereinafter mentioned, upon information and belief, the United States Postal Service, was and still is an agency of the Defendant, THE UNITED STATES OF AMERICA.

11. That at all times hereinafter mentioned, upon information and belief, the United States Postal Service was the titled and registered owner of a 1989 GMC mail truck, bearing identification number 9208069.

12. That at all times hereinafter mentioned, upon information and belief, Pamela R. Gager, was the operator of the aforesaid 1989 GMC mail truck, bearing identification number 9208069.

13. That at all times hereinafter mentioned, upon information and belief, Pamela R. Gager, was an employee of the United States Postal Service, acting within the scope of her employment, when defendant's vehicle contacted the plaintiff's vehicle.

14. That at all times hereinafter mentioned, upon information and belief, Pamela R. Gager, was an employee of Defendant, THE UNITED STATES OF AMERICA, acting within the scope of her employment when the defendant's vehicle contacted the plaintiff's vehicle.

15. That at all times hereinafter mentioned, the plaintiff, SCOTT ROSENBERGER, was the owner and operator of a 2007 Harley Davidson motorcycle.

16. That at all times hereinafter mentioned, County Road 131 at or near the intersection with Kautz Road, located in the Town of Delaware, County of Sullivan, and State of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

17. On or about September 23, 2019, the aforementioned vehicles were in contact with each other.

## CAUSE OF ACTION - NEGLIGENCE

18. Plaintiff incorporates paragraphs "1" through "16" as if fully set forth herein.

19. The negligent, wanton, reckless and careless acts of the defendant, THE UNITED STATES OF AMERICA, its agents, servants and/or employees were a cause of the accident and resultant injuries.

20. The defendant was negligent, wanton, reckless and careless in allowing, causing and/or permitting the motor vehicle operated by its employee to come into contact with Plaintiff's motorcycle; by making an illegal U-turn in the roadway Defendant's vehicle was made to collide with Plaintiff's motorcycle; in failing to take those steps necessary to avoid the contingency which herein occurred; in breaching a duty to motorists to operate the motor vehicle in a safe manner; in making an abrupt U-turn from the shoulder of the roadway without signal or warning; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly keep and maintain the motor vehicle so as to prevent the contingency which herein occurred; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway

where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in violating the rules of the road; in failing to observe that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; and in failing to keep alert and attentive.

21. That the defendant is liable to the plaintiff upon the doctrine of res ipsa loquitur.

22. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; this plaintiff further was caused to lose substantial periods of time from his normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

Furthermore, this plaintiff sustained a serious injury, as defined in the Insurance Law Section 5102(d) for the State of New York, and economic losses in excess of "basic economic loss" as set forth in Insurance Law Sections 5102 and 5104.

### **Prayer for Relief**

**WHEREFORE**, plaintiff demands judgment against the defendant, THE UNITED STATES OF AMERICA, as follows:

1. For general damages according to proof;
2. For special damages according to proof;

3. For pre-judgment and post-judgment interest as allowed by law;

4. For costs of suit incurred herein; and

5. For such other and further relief as this court may deem just and proper.

Dated: May 4, 2022                                    Respectfully Submitted,

**Sobo & Sobo, LLP**

_____
By: Matthew Samradli, Esq.
1 Dolson Avenue
Middletown, New York 10940
(845) 343-7626